**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

2011 NOV 16  PM 2: 31

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

PURDUE RESEARCH FOUNDATION,  )
                              )
                   Plaintiff, )
                              )
v.                            )   4:11CV0061
                              )
MORRISON & FOERSTER LLP,      )
                              )
                   Defendant. )

## NOTICE OF REMOVAL

Defendant Morrison & Foerster, LLP ("Morrison & Foerster"), by counsel, pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal, removing the state court action filed by Plaintiff, Purdue Research Foundation ("PRF"), currently pending in Tippecanoe County Circuit Court, under Cause No. 79C01-1110-PL-00048 (the "State Court Action"), and, in support of this Notice, Morrison & Foerster states the following:

### NATURE OF THE STATE COURT ACTION

1.  PRF initiated this proceeding by filing its Complaint in the State Court Action on October 7, 2011. A copy of the Complaint is attached hereto as **Exhibit A**. PRF's 3-page Complaint alleges, in relevant part:

    (1) PRF owns certain U.S. patent applications (referred to as the "PRF Patent Applications"). [Complaint, ¶ 4].

    (2) On October 9, 2009, Morrison & Foerster filed patent application No. PCT2009/060273 (the "'273 Application"), identifying PRF and CoMentis, Inc. ("CoMentis") as co-applicants. [*Id.*, ¶¶ 5 & 7, Exh.].

    (3) **"By filing the '273 Application purportedly on behalf of PRF as a co-applicant, Morrison & Foerster undertook a fiduciary duty to PRF."** [*Id.*, ¶ 9 (emphasis added)].

(4) The '273 Application employs "PRF-owned information" from the PRF Patent Applications, which, PRF alleges, was a trade secret – *i.e.*, confidential. [*Id.*, ¶ 6].

(5) Morrison & Foerster breached its fiduciary duties allegedly owed to PRF and misappropriated PRF's trade secret by "employing PRF's trade secret information in the '273 Application and filing the '273 Application without the knowledge or consent of PRF …." [*Id.*, ¶ 10].

2. In short, PRF alleges that Morrison & Foerster **owed** fiduciary duties to PRF by virtue of its filing of a patent application identifying PRF as a co-applicant. PRF further alleges that Morrison & Foerster **breached** its fiduciary duties and misappropriated PRF's confidential information by disclosing the allegedly confidential information in the '273 Application.

3. PRF's sole prayer for relief is a request "for a permanent injunction barring Morrison & Foerster from prosecuting the '273 Application."

4. By the State Court Action, PRF's right to relief necessarily depends on the resolution of *several* substantial questions of federal law. First, PRF's claims and requested relief seek to criticize and enjoin Morrison & Forester's conduct before the United States Patent and Trademark Office ("USPTO"). The *source* of any duty owed by Morrison & Foerster in connection with actions taken before the USPTO is a substantial federal question determined under the Code of Federal Regulations ("CFR").

5. Second, the *scope* of any duty allegedly owed by Morrison & Foerster to PRF and the duties of disclosure owed to the USPTO when filing a patent application is a substantial question of federal patent law, determined under the CFR.

6. Third, PRF's Complaint raises a question regarding "inventorship" of the earlier PRF Patent Applications, which necessarily must be resolved to determine whether use of the information contained in those Applications within the '273 Application was improper. "Inventorship" is a substantial question of federal patent law.

### RELATED FEDERAL COURT LITIGATION

7. PRF is currently involved in related litigation against Morrison & Foerster's client, CoMentis (PRF's co-applicant on the '273 Application), in the matter captioned *CoMentis, Inc. v. Purdue Research Foundation*, Northern District of Indiana, Lafayette Division, Case No. 4:09-CV-82 PPS-APR (the "Related Litigation"). The parties' allegations in the Related Litigation, including PRF's own allegations in its Counterclaim against CoMentis, confirm that PRF's right to relief **in this case** necessarily depends on resolution of substantial questions of federal patent law.[1]

8. In the Related Litigation, PRF alleges sole ownership of the invention(s) described in U.S. patent application no. 61/104,434, filed October 8, 2008 (the '434 Application), based on Dr. Ghosh's alleged inventorship of the subject matter of this application. [*see* PRF's Counterclaim, ¶¶ 1, 2, 3, 8(d), 8(e)]. PRF alleges that CoMentis improperly disclosed confidential information contained in the '434 Application, when it filed the '273 Application. [*Id.*, ¶ 6].

9. In its Counterclaim in the Related Litigation, PRF seeks damages "in an amount according to proof," as well as an **injunction** preventing further prosecution of the '273 Application. [*Id.*, ¶ 12].

10. Although PRF's 3-page Complaint **in this matter** appears to allege a claim based on Morrison & Foerster's alleged misconduct in submitting the '273 Application to the USPTO, PRF's allegations in the Related Litigation confirm the true nature and scope of the dispute. PRF seeks the same remedy against CoMentis in the Related Litigation that it seeks against

---

[1] A copy of CoMentis's Third Amended Complaint in the Related Litigation (the "CoMentis Complaint") is attached hereto as **Exhibit B**. A copy of PRF's Counterclaim against CoMentis in the Related Litigation is attached hereto as **Exhibit C**.

3

CoMentis's counsel, Morrison & Foerster, in this matter – an injunction against further prosecution of the '273 Application.[2]

11.     Thus, the State Court Action is really an attempt by PRF to enjoin or otherwise interfere with an inventor's (CoMentis's) attempt to prosecute a patent application – *i.e.*, PRF is attempting an end-run around the Related Litigation by seeking a state court order enjoining CoMentis's attorneys from prosecuting the '273 Application.

## FEDERAL QUESTION JURISDICTION

12.     This Court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a).

13.     For a case to "arise under" federal patent law, the plaintiff's "well-pleaded complaint" must establish either (1) that federal patent law creates the cause of action, or (2) that the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). *See also U.S. Valves, Inc. v. Dray*, 190 F.3d 811 (7th Cir. 1999) (describing *Christianson* test and concluding that claim for breach of licensing agreement supported federal jurisdiction where court was required to construe the patent identified in the agreement).

14.     Ordinarily, under the "well-pleaded complaint rule," the court evaluates federal question jurisdiction "by referring only to the plaintiff's complaint at the time of removal.

---

[2] That PRF's true objective is to enjoin **any** further prosecution of the '273 Application – as opposed to merely enjoining Morrison & Foerster from prosecuting it – is further evidenced by a November 4, 2011 email from PRF's counsel in this case, responding to CoMentis's suggestion that the parties agree on substitute counsel to prosecute the '273 Application: "As set out in *PRF v. Morrison & Foerster*, PRF objects to continued prosecution of the '273 Application. A change in the identity of the prosecutor would not in itself resolve the grievances pled in that suit." A copy of William Kealey's November 4, 2011 email is attached hereto as **Exhibit D**.

However, if necessary, the court may also look beyond the face of the complaint (*i.e.*, the facts disclosed in the record) to determine whether removal [is] proper." *Robertson v. Baker Oil Tools, Inc.*, 2002 WL 1124903, *2 (N.D. Tex. May 23, 2002) (citing *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *Air Prods. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1561 (Fed. Cir. 1985) (explaining that "the court must consider as a whole the substance of the claim in addition to the language of the complaint, and may also consider jurisdictional facts outside the pleadings")). *See also Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) ("A party may not fraudulently evade removal by drafting a complaint so that the true purpose of the lawsuit is artfully disguised.") (citing *Romick v. Bekins Van & Storage Co.*, 197 F.2d 369, 370 (5th Cir. 1952)).

A. *Source* **of Alleged Duty Owed by Morrison & Foerster is a Federal Question**

15. Absent a legal duty owed by Morrison & Foerster to PRF, PRF's claims in this matter fail as a matter of law. PRF's sole allegation regarding the existence of any duty owed by Morrison & Foerster is that Morrison & Foerster owed such a duty by filing the '273 Application identifying PRF as a co-applicant. The source and scope of any duties created by the filing of a patent application on behalf of a co-applicant is a substantial question of federal patent law, upon which PRF's right to relief necessarily depends.

16. To establish that Morrison & Foerster breached its alleged fiduciary duty to PRF, PRF must prove:

   (1)   the existence of a fiduciary relationship;
   (2)   breach of the duty owed by the fiduciary to the beneficiary; and
   (3)   harm to the beneficiary.

*York v. Fredrick*, 947 N.E.2d 969, 978 (Ind. Ct. App. 2011) (citing *Farmers Elevator Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010)).

5

17. Regarding the existence of a fiduciary relationship – *i.e.*, the "source" of any alleged fiduciary duty owed by Morrison & Foerster to PRF – PRF alleges, in relevant part: "**By filing the '273 Application purportedly on behalf of PRF as a co-applicant, Morrison & Foerster undertook a fiduciary duty to PRF**." [Complaint, ¶ 9 (emphasis added)]. PRF describes the source of the alleged fiduciary duty as the filing of the '273 Application with PRF as co-applicant.

18. The Code of Federal Regulations is the source of Morrison & Foerster's duties, if any, owed to PRF in connection with actions taken before the USPTO. *See, e.g.,* 37 C.F.R. §§ 10.1 – 10.112 ("Representation of Others Before the Patent and Trademark Office"), 37 C.F.R. §§ 11.1 – 11.61 ("Representation of Others Before the United States Patent and Trademark Office"). *See also* Manual of Patent Examining Procedure ("MPEP"), Chapter 400 ("Representative of Inventor or Owner") (incorporating CFR).

19. Therefore, the **source** of any duty allegedly owed by Morrison & Foerster to PRF is determined solely by analyzing the CFR, which presents a substantial question of federal law. Because the existence of duty is **necessary** to resolution of PRF's claims, federal jurisdiction exists on that basis.

**B.    *Scope* of Alleged Duty is also a Federal Question**

20. In addition, a federal question is presented regarding Morrison & Foerster's alleged duty and "standard of care" in the handling of the '273 Application, assuming a legal duty exists.

21. The Federal Circuit decision in *Carter v. ALK Holdings, Inc.*, 605 F.3d 1319 (Fed. Cir. 2010), is instructive on this point. Therein, the court reversed a portion of the sanctions imposed on a plaintiff's firm for bringing frivolous claims, ruling that the breach of fiduciary

6

duty claims brought against the patent attorneys for representing conflicting interests were federal claims. "The standards for practice before the PTO are governed by federal law, as both the Supreme Court and we have previously recognized." *Carter*, 605 F.3d at 1324 (citing *inter alia Sperry v. Fla. ex rel. Fla. Bar*, 373 U.S. 379, 385-86 (1963)). The USPTO's standards are codified in the CFR and in the MPEP. *Id.* For example, the *Carter* court found that 37 C.F.R. § 10.66(a) prevents a patent practitioner from representing conflicting interests. *Id.* Moreover, 37 C.F.R. § 11.18(b)(1) requires that, when a patent application is filed, the attorney certifies that "[a]ll statements made therein of the party's own knowledge are true, all statements made therein on information and belief are believed to be true…" *Id.* at 1325. "Here, the determination of [the attorney's] compliance with the MPEP and the CFR is a necessary element of [plaintiff's] malpractice cause of action because the CFR and the MPEP establish [the attorney's] expected fiduciary duties to his clients. [This claim] thus involves a substantial question of federal patent law." *Id.*

22. Here, the gravamen of PRF's claim is that Morrison & Foerster somehow failed to comply a fiduciary duty purportedly owed to PRF when filing of the '273 Application. The scope of any duty allegedly owed by Morrison & Foerster is found under the USPTO standards. *See, e.g.,* 37 C.F.R. §§ 10.1 – 10.112 ("Representation of Others Before the Patent and Trademark Office"), at 37 C.F.R. §§ 10.56 and 10.57 (regarding duties to preserve clients' confidences and secrets).

23. The CFR and the MPEP not only describe the duties owed to the inventor, but also the duties owed to the USPTO.[3]

---

[3] The USPTO applies its own Code of Professional Responsibility. *See* 37 C.F.R. §§ 10.20 – 10.112 ("Patent and Trademark Office Code of Professional Responsibility"). In addition, the USPTO maintains authority to investigate and determine the appropriate remedy for alleged

7

24. Through the State Court Action, PRF is asking an Indiana trial court to evaluate Morrison & Foerster's conduct before the USPTO, interfere with CoMentis's choice of counsel, and enjoin a patent practitioner from prosecuting a patent application before the USPTO. However, the Supreme Court of the United States has previously found that a State cannot enjoin the practice of law before the USPTO. *See Sperry,* 373 U.S. at 385-86 (holding that, pursuant to the Supremacy Clause, Florida could not prosecute a patent agent for the unauthorized practice of law or otherwise enjoin his representation of clients before the USPTO, where the Code of Federal Regulations permits patent agents to prosecute patents before the USPTO).

25. Because the court must examine Morrison & Foerster's compliance with the CFR to determine the scope and breach of any duty allegedly owed to PRF, a substantial question of federal patent law is raised by PRF's Complaint alleging breach of fiduciary duty and misappropriation of trade secrets.

C. **PRF's Complaint Creates an "Inventorship" Dispute – a Federal Question**

26. PRF's allegations regarding ownership of the confidential information contained in the '434 Application, which it alleges Morrison & Foerster (CoMentis's counsel) improperly disclosed in the '273 Application, necessarily requires resolution of issues of "inventorship" – which is a substantial question of federal patent law. In this case, PRF claims ownership of allegedly confidential information contained in earlier patent applications, which it alleges Morrison & Foerster disclosed in the '273 Application. [Complaint, ¶¶ 4-6]. In its Counterclaim in the Related Litigation, PRF clarifies that it alleges "inventorship" of the '434 Application. [PRF's Counterclaim, at ¶ 2]. PRF alleges that the '273 Application improperly asserts priority benefit "to the PRF-owned ['434 Application] and discloses PRF Confidential Information that

---

violations of its rules. *See* 37 C.F.R. §§ 11.19 – 11.61 ("Investigations and Disciplinary Proceedings; Jurisdiction, Sanctions, Investigations, and Proceedings").

CoMentis obtained from PRF." [*Id.*, ¶ 6]. PRF seeks to enjoin CoMentis (in the Related Litigation) and CoMentis's counsel (in this State Court Action) from prosecuting the '273 Application. [*Id.*, ¶ 11-12].

27.     CoMentis and PRF dispute ownership and inventorship of the invention(s) contained in the '434 Application, which was allegedly disclosed in the '273 Application. CoMentis's right to file the '273 Application (with Morrison & Foerster as its counsel) is squarely at issue in both the Related Litigation and this State Court Action.

28.     Because the issue of inventorship – a substantial federal question – is necessary to the Court's resolution of PRF's claims, PRF's claims arise under federal patent law, permitting removal to this Court. *See Rustevader Corp. v. Cowatch*, 842 F. Supp. 171 (W.D. Pa. 1993).

29.     The *Rustevader* court relied on the United States Supreme Court's holding in *Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800 (1988), regarding a plaintiff's efforts to "artfully plead" around federal jurisdiction:

> [M]erely because a claim makes no reference to federal patent law does not necessarily mean the claim does not "arise under" patent law. Just as "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint," so a plaintiff may not defeat § 1338(a) jurisdiction by omitting to plead necessary federal patent-law questions.

*Rustevader*, 842 F.Supp. at 172 (quoting *Christianson*, 486 U.S. at 809-10). Thus, the *Rustevader* court recognized that, "a federal court may exercise jurisdiction where the plaintiffs' right to relief necessarily depends upon resolution of a substantial federal question, even though the cause of action was not created by federal law." *Id.* (citing *Additive Controls and Measurements System, Inc. v. Flowdata*, 986 F.2d 476, 478-79 (Fed. Cir. 1993) (examining evolution of the Supreme Court's clarification that federal jurisdiction is proper where plaintiff's cause of action necessarily depends on resolution of a substantial question of patent law)).

9

30. In *Rustevader*, the plaintiff had asserted a breach of contract claim against its former employee and his co-applicants for breaching the terms of an employment agreement, including the confidentiality, assignment and noncompetition provisions of the agreement, by disclosing its confidential information in a patent application. *Id.* at 171. The plaintiff-employer asked for an assignment of the patent, and an injunction against further disclosure of the "confidential trade secrets," among other relief. The *Rustevader* court agreed with the plaintiff that "an action based on a contract, which involves underlying patent rights, does not arise under the patent law." *Id.* at 173. Nevertheless, because the application was filed by the employee and his father (a non-employee), the court found that one of the defendants was not a party to the contract and that "the plaintiffs are necessarily creating an inventorship dispute, *i.e.* that defendant Cowatch Jr. is the sole inventor or that neither is the actual inventor." *Id.* at 173.

31. The *Rustevader* court explained that inventorship is "a question of whom actually invented the subject matter claimed in a patent. Ownership, however, is the question of whom owns legal title to the subject matter in a patent...." *Id.* at 173 (quoting *Beech Aircraft Corp. v. Edo Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993) (reversing trial court's vacatur of the PTO Board's interference decision, which established the inventorship of the patent)).

32. The *Rustevader* court further explained that "a substantial federal question is raised when 'co-ownership arises from and solely on the patent law issue of inventorship.'" *Id.* at 174 (quoting *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568 (Fed. Cir. 1989) (holding that a complaint raising an inventorship arose under the federal patent law and was properly removed to federal court)).

33. Consequently, the *Rustevader* court held that, although the claims asserted in the complaint were state law breach of contract claims, "their well-pleaded complaint necessarily

10

depends on the resolution of a substantial federal question under the *MCV* decision." *Id.* at 174 ("This Court will not allow the plaintiffs to deny the defendants a federal forum when the plaintiffs' complaint contains a federal claim 'artfully pled' as a state law claim.") (citations omitted) (denying motion to remand).

34. Here, PRF's allegations require that CoMentis **not** be sole or co-inventor of the information and invention(s) described in the '434 Application, which was allegedly used in the '273 Application. Thus, PRF's claim that it is the **sole owner** of the "confidential information" alleged to be found in the '434 Application (and thus the '273 Application) raises a federal question because PRF's claims in this case "necessarily depend on the resolution of a substantial federal question" regarding the inventorship of the information contained in the '434 and '273 Applications.

### REMOVAL PROCEDURES

35. Removal to the United States District Court for the Northern District of Indiana, Lafayette Division, is proper because this is "the district and division embracing the place where the action is pending." *See* 28 U.S.C. § 1441.

36. Significantly, the Related Litigation, which, as described above, relates to the same facts and issues alleged in this matter, is pending in the Northern District of Indiana, Lafayette Division. Jurisdiction and venue in this District and Division is proper.

37. The time within which Morrison & Foerster is permitted to remove this action under 28 U.S.C. § 1446(b) has not expired as of the time of the filing and service of this Notice of Removal. PRF has not yet accomplished service of the Summons and Complaint in the State Court Action on Morrison & Foerster. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (abrogating Seventh Circuit precedent, instead ruling that the 30-day

removal period began when the defendant was formally served by certified mail (rather than when the defendant received the faxed, file-stamped courtesy copy of the complaint)).

38. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served and filed in this action have been filed as **Exhibits A and E** to the Notice of Removal.

39. Written notice of the filing of this Notice of Removal is being promptly given to the Plaintiff and a Notice of Filing Notice of Removal is being promptly filed with the clerk of the Tippecanoe County Circuit Court, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit F**.

40. This Notice of Removal is filed subject to and with full reservation of rights by Morrison & Foerster, including but not limited to defenses and objections to venue, improper service of process, personal jurisdiction, and any others that Morrison & Foerster might assert.

41. Morrison & Foerster reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Morrison & Foerster LLP, by counsel, hereby gives notice that the above-entitled action is removed from the Tippecanoe County Circuit Court, State of Indiana, to the United States District Court for the Northern District of Indiana, Lafayette Division.

Respectfully submitted,

Andrew W. Hull, Attorney No. 11218-49
Michael A. Dorelli, Attorney No. 20862-49
HOOVER HULL LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel.: (317) 822-4400
Fax: (317) 822-0234
Email: awhull@hooverhull.com
         mdorelli@hooverhull.com

Counsel for Defendant, Morrison & Foerster LLP

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the following counsel of record via first class mail with proper postage prepaid this 16th day of November, 2011:

William P. Kealey
STUART & BRANIGIN
The Life Building
300 Main Street, Suite 800
P.O. Box 1010
Lafayette, IN  47902-1010

                                    Michael A. Dorelli

606136v1