UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| COMENTIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO: 4:09-CV-00082-PPS-APR |
| | ) |
| PURDUE RESEARCH FOUNDATION | ) |
| and ARUN K. GHOSH, | ) |
| | ) |
| Defendants. | ) |

## COUNTERCLAIM OF
## PURDUE RESEARCH FOUNDATION AND ARUN K. GHOSH

Defendants Purdue Research Foundation ("PRF") and Arun K. Ghosh ("Ghosh"), by counsel, for their counterclaim against Plaintiff CoMentis, Inc., state:

1.    Each of the inventions disclosed and claimed in the PRF-owned patent applications that are alleged in Plaintiff's Third Amended Complaint occurred at Purdue University under federal funding. None of those inventions-in-suit occurred outside the course and scope of the Purdue University employment of Dr. Arun K. Ghosh. As federally funded inventive activity, none of the work that gave rise to those inventions-in-suit could be or was subject to any pre-existing license option in favor of Plaintiff CoMentis, Inc.

2.    PRF has made the following patent applications for certain inventions made by Dr. Ghosh at Purdue University under federal NIH funding:

- U.S. patent application No. 61/104,434 filed October 8, 2008.

- U.S. patent application No. 61/175,624 filed May 5, 2009.

- International patent application PCT/US2009/060132 filed October 9, 2009 (asserting priority benefit to the 61/104,434 and 61/175,624 applications).

C

- U.S. patent application 61/120,174

- U.S. patent application 61/181,350.

- International patent application PCT/US2009/066783 filed December 4, 2009 (asserting priority benefit to the 61/120,174 and 61/181,350 applications).

The above-listed applications are referred to in this counterclaim as the "Ghosh NIH Applications."

3.     The Ghosh NIH Applications were filed by PRF on the basis of inventions made by Dr. Ghosh and confidentially disclosed by him to PRF under PRF Reference Nos. 65200, 65219, and 65232.

Count I – Declaratory Judgment

(By PRF)

4.     Pursuant to the provisions of the federal Bayh-Dole Act (35 U.S.C. §§ 200-212), and subject to confidentiality agreements dated May 5, 2009 and July 14, 2009 (hereafter, the "PRF-CoMentis Confidentiality Agreements") for the purpose of CoMentis' evaluation of a potential patent license from PRF,  PRF permitted CoMentis to review PRF Reference Nos. 65200, 65219, and 65232 and associated invention and patent prosecution materials (the "PRF Confidential Information").

5.     PRF is informed and believes and based thereon alleges that prior to obtaining access to the PRF Confidential Information under the PRF-CoMentis Confidentiality Agreements, the inventions disclosed in the PRF Confidential Information were not known to CoMentis.

6.     On or about October 9, 2009, while license negotiations between PRF and CoMentis pursuant to the PRF-CoMentis Confidentiality Agreements were occurring, CoMentis

filed application No. PCT/US2009/060273. That application asserts priority benefit to the PRF-owned US provisional application 61/104,434 filed October 10, 2008 and discloses PRF Confidential Information that CoMentis obtained from PRF. PRF did not permit CoMentis to do so.

7.     On May 14, 2010, during the pendency of this suit, CoMentis demanded that the Ghosh NIH Applications each be licensed to CoMentis by addition to the schedule of "Licensed Patents" under the September 15, 2006 written contract that is appended as Exhibit 1 to PRF's Answer filed July 30, 2010 in this cause.

8.     There exist the following present and actual controversies between PRF and CoMentis within the jurisdiction of this Court, involving the rights, duties and obligations of the parties, which controversies may be determined by a judgment of this Court, without other suits. Counterclaimants contend, and CoMentis disputes, that:

a.     None of the Ghosh NIH Applications is a "Joint Patent" within the meaning of Sections 1.6 and 1.7 of the September 15, 2006 contract between PRF and CoMentis.

b.     None of the Ghosh NIH Applications is a "Joint Patent" where CoMentis employees are listed as inventors along with Purdue employees, within the meaning of Sections 1.6 and 1.7 of the September 15, 2006 contract between PRF and CoMentis.

c.     Each of the inventions claimed in the Ghosh NIH Applications was conceived as part of federally supported research and development, within the meaning of Section 1.7 of the September 15, 2006 contract between PRF and CoMentis .

d.     CoMentis has no valid assignment or right to assignment of any ownership interest in any of the inventions claimed in the Ghosh NIH Applications.

       e.     CoMentis has no authority to prosecute patent protection for the inventions claimed in the Ghosh NIH Applications.

Count II – Breach of Contract

(By PRF)

9.     PRF incorporates by reference the foregoing allegations.

10.    The PRF-CoMentis Confidentiality Agreements constitute enforceable contractual obligations of CoMentis, according to their terms.

11.    CoMentis has breached the PRF-CoMentis Confidentiality Agreements by making unauthorized use and disclosure of PRF Confidential Information accessed thereunder, including by filing and prosecuting application No. PCT/US2009/060273.

12.    The actions of CoMentis in breach of the PRF-CoMentis Confidentiality Agreements have harmed PRF in an amount according to proof, and threaten continuing harm to PRF if not enjoined.

Count III – Breach of the Consulting Agreement by CoMentis

(By Dr. Ghosh)

13.    CoMentis and Dr. Ghosh were parties to the Consulting Agreement alleged in the Third Amended Complaint.

14.    The Consulting Agreement acknowledged that Dr. Ghosh owns fully vested shares of CoMentis stock, and released any and all repurchase rights by CoMentis of such stock as of February 5, 2007.

15.    Currently Dr. Ghosh owns such fully vested stock in CoMentis.

16.    Furthermore, Dr. Ghosh informed CoMentis of his intention to terminate the Consulting Agreement.

17. The Consulting Agreement was modified with CoMentis promising to provide

funding for Dr. Ghosh's research to convince Dr. Ghosh not to exercise his right to terminate.

18. Dr. Ghosh did not terminate the Consulting Agreement in reliance thereon.

19. CoMentis did not fulfill its agreement to provide funding for Dr. Ghosh's

research.

20. CoMentis' failure to provide the promised funding was a material breach of the

Consulting Agreement.

21. The Consulting Agreement required CoMentis to pay Dr. Ghosh monthly

consulting fees and expenses.

22. CoMentis later sent Dr. Ghosh a letter terminating the Consulting Agreement on

or about June 16, 2010.

23. CoMentis did not pay Dr. Ghosh the fees and/or expenses that it had agreed to pay

him for the last several months prior to said June 16, 2010 termination.

24. Such nonpayment was a material breach by CoMentis of the Consulting

Agreement.

## Count IV-Promissory Estoppel

### (By Dr. Ghosh)

25. The preceding paragraphs 13-24 are incorporated herein.

26. CoMentis made its promise to fund Dr. Ghosh's research with the expectation that

Dr. Ghosh would rely upon it.

27. In reasonable reliance of CoMentis' promise, Dr. Ghosh did not exercise his right

to terminate the Consulting Agreement and continued to perform his duties thereunder.

5

28.     Dr. Ghosh has been irreparably harmed by CoMentis' breach of its promise to provide funding for Dr. Ghosh's research.

29.     Dr. Ghosh is entitled to damages and specific performance of CoMentis' promise under the Doctrine of Promissory Estoppel.

## Count V - Unjust Enrichment

(By Dr. Ghosh)

30.     The preceding paragraphs 13-29 are incorporated herein.

31.     By failing to fulfill its promise to Dr. Ghosh to fund his research, CoMentis has unjustly retained money.

32.     In the event no modification of the Consulting Agreement is found, CoMentis' retention of the money promised to Dr. Ghosh for research would be unjust under these circumstances.

## Count VI - Declaration of Unenforceability of Non-Competition Provisions

(By Dr. Ghosh)

33.     The preceding paragraphs 13-32 are incorporated herein.

34.     The Consulting Agreement set forth (purported) obligations by Dr. Ghosh post-termination of the Consulting Agreement, including a covenant not to compete.

35.     The Consulting Agreement was expressly governed by Oklahoma law including 15 Okla.. St. Ann. Section 217 *et seq.*

36.     The post-termination (purported) obligations upon Dr. Ghosh are unenforceable under applicable law and due to CoMentis' breaches and unclean hands.

WHEREFORE, Counterclaimants pray for:

A.     Issuance by this Court of a judgment declaring the rights and legal relations of the parties with respect to the above-listed controversies;

B.     An injunction against the prosecution by CoMentis of any patent application for any invention claimed in the Ghosh NIH Applications;

C.     An award to PRF of compensatory and consequential damages for breach of the Confidentiality Agreements in an amount according to proof;

D.     Payment by CoMentis to Dr. Ghosh of all money owed to him, particularly including the non-payment under the Consulting Agreement.

E.     A declaration that Dr. Ghosh's rights to shares of CoMentis stock (and/or any and all successors) are fully vested, the percentage ownership, that such ownership is not diluted or dilutable, and ordering CoMentis to deliver to Dr. Ghosh stock certificates showing such ownership rights.

F.     That CoMentis fund Dr. Ghosh's research.

G.     Recovery of the amounts by which CoMentis has been unjustly enriched by its wrongful conduct.

H.     A declaration of unenforceability of the post-termination provisions of the Consulting Agreement.

I.     An award of attorney fees and other costs;

J.     All other damages, remedies, and relief provided by law and/or equity.

7

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (Atty No. 18973-79)
Heather L. Emenhiser (Atty No. 22477-06-A)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, Indiana 47902
Telephone: (765) 423-1561
Facsimile: (765) 742-8175
E-mail: wpk@stuartlaw.com
          hle@stuartlaw.com

*Attorneys for Purdue University*

Daniel J. Lueders
Woodard Emhardt Moriarty McNett & Henry LLP
Bank One Center/Tower
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
Telephone: (317) 713-4920
Facsimile: (317) 637-7561
Email: lueders@uspatent.com

*Attorney for Arun K. Ghosh*

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

James W. Riley, Jr.
E-mail: jriley@rbelaw.com

Eric S. Walters
E-mail: EWalters@mofo.com

Eric C. Pai
E-mail: EPai@mofo.com

Daniel J. Lueders
E-mail: lueders@uspatent.com

/s/ William P. Kealey_____
William P. Kealey

573672v1