UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

PURDUE RESEARCH FOUNDATION,    )
                                    )
            Plaintiff,        )
                                    )
        v.            )      No. 4:11-CV-0061-JVB-PRC
                                    )
MORRISON & FOERSTER LLP,    )
                                    )
        Defendant.    )

## MOTION FOR REMAND

Comes now the Plaintiff, Purdue Research Foundation ("PRF"), by counsel, and for its Motion for Remand, states the following:

PRF moves to remand this case to Tippecanoe Circuit Court. The Notice of Removal filed by Defendant Morrison & Foerster LLP ("Morrison") fails to establish federal question jurisdiction under 28 U.S.C. § 1338(a) or any other provision for federal question jurisdiction and therefore fails to establish removability under 28 U.S.C. § 1446(a).

## BACKGROUND

PRF filed its complaint against Morrison in Tippecanoe Circuit Court on October 7, 2011, under Cause No. 79C01-1110-PL-00048. PRF's complaint states a claim for breach of fiduciary duty due to Morrison's unauthorized filing of a patent application purportedly on PRF's behalf. Complaint at ¶10.

On November 16, 2011, Morrison filed its Notice of Removal asserting federal question jurisdiction pursuant to 28 U.S.C. § 1338(a). DE 5, ¶ 12.

## DISCUSSION

A case may only be removed from state to federal court if it is within the original

jurisdiction of the federal courts.  28 U.S.C. § 1441.  The Seventh Circuit has instructed that

courts should interpret the removal statute narrowly and presume that the plaintiff may choose

his or her forum.  *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

The burden of establishing federal jurisdiction falls on the party seeking removal.  *Wilson v.*

*Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  Any doubt regarding jurisdiction should be

resolved in favor of remand.  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

The usual test of whether an action arises under federal law for purposes of federal

question jurisdiction is the "well-pleaded complaint" rule.  *See Caterpillar Inc. v. Williams*, 482

U.S. 386, 392 (1987); *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000).

The determination of whether plaintiff's case arises under federal law is made by reference to the

complaint.  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983).

"[T]he paramount policies embodied in the well-pleaded complaint rule ... [are] that the plaintiff

is the master of the complaint, that a federal question must appear on the face of the complaint,

and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause

heard in state court." *Caterpillar*, 482 U.S. at 398-99.

Similarly, with respect to claims allegedly falling under federal jurisdiction pursuant to

§1338(a), the face of the complaint must demonstrate that patent law is a necessary element of

one of the well-pleaded claims.  "The Supreme Court has instructed that a district court's

jurisdiction under § 1338(a) 'extend[s] only to those cases in which a well-pleaded complaint

establishes either that federal patent law creates the cause of action or that the plaintiff's right to

relief necessarily depends on the resolution of a substantial question of federal patent law, in that

patent law is a necessary element of one of the well-pleaded claims.' *Christianson v. Colt Indus.*

*Operating Corp.*, 486 U.S. 800, 808-09, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)." *Carter v.*

*ALK Holdings, Inc.*, 605 F.3d 1319, 1323-24 (Fed. Cir. 2010).[1]

In determining whether a cause of action is created by federal patent law, the Court must

look to whether the claim for relief is stated under federal patent law.  "A suit arises under the

law that creates the cause of action."  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S.

804, 808 (1986).  "Jurisdiction may not be sustained on a theory that the plaintiff has not

advanced … The party who brings a suit is master to decide what law he will rely upon."  *Id.* at

810 n. 6 (internal citations omitted).  *Hill v. Marston,* 13 F.3d 1548, 1549 (11th Cir. 1994)

(finding failure of a complaint to allege a violation of federal law fatal to an attempted removal

and noting, "[t]he complaint contains no express allegation that defendant violated any specific

federal securities laws.  Plaintiffs' right depends almost solely on analysis of state laws regarding

negligence, breach of contract and sale of securities").

Morrison has failed to establish that PRF's complaint arises under federal patent law, or

that patent law is a necessary element of PRF's claims.  For these reasons, remand is required.

**I.      The requirements for § 1338(a) patent law jurisdiction are not met.**

**A.      PRF does not seek relief under federal law.**

Morrison alleges that PRF's complaint requires the resolution of questions of federal

patent law.  On its face, PRF's complaint contains no allegations of violation of patent law.

---

[1] "As Justice Holmes explained, 'A suit arises under the law that creates the cause of action.' *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). *See also Bennett v. Southwest Airlines Co.,* 484 F.3d 907, 909 (7th Cir.2007)." *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4,* 644 F.Supp.2d 1084, 1087 (S.D. Ill. 2009).

PRF's complaint states a claim for breach of fiduciary duty based on Morrison's

unauthorized actions purportedly taken on PRF's behalf.  The Notice of Removal, at ¶ 17, cites

PRF's allegation that a fiduciary duty exists based on the undisputed fact that the '273

Application (whose face page is attached to the Complaint) shows PRF as a co-applicant.  The

complaint makes clear that the dispute centers on the fiduciary's lack of authorization: "PRF has

never authorized . . ."  ¶ 8.[2]

That claim is a function of the law of principal-agency, and is governed by state common

law.[3]  Indeed, Morrison's Notice of Removal acknowledges that PRF pleads a *state law cause* of

---

[2] The Notice of Removal cites to *Rustevader Corp. v. Cowatch*, 842 F. Supp. 171 (W.D. Penn. 1993) for the proposition that federal jurisdiction exists where the court must determine patent inventorship in order to adjudicate the removed complaint.  *Rustevader* is inapplicable on the facts, and aligns with PRF's position on the law.  The *Rustevader* court agreed with the plaintiff in that case that an action based on contract, which happens to involve underlying patent rights, does not arise under patent law for jurisdictional purposes.  *Id.* at 173.  No inventorship issue needs to be resolved to determine common law authorization of a lawyer to act on the behalf of PRF. On the face of the '273 Application itself (attached to PRF's complaint) PRF is identified as a co-owner of the application (*i.e.,* "co-applicant").  Accordingly, the inventorship issue which Morrison points to in *Rustevader* is not material to *PRF v. Morrison & Foerster*.  Whether PRF is the sole owner or co-owner of a patented technology, any attorney who purports to act on behalf of PRF must have authority from PRF to do so under common law principal-agent rules.

[3] Principal-agent law is state common law.  *See, e.g., O'Brien v. Continental Illinois Nat. Bank and Trust Co. of Chicago,* 593 F.2d 54, 63 (7th Cir. 1979) ("The enforcement of fiduciary and contractual duties owed by a trustee or agent to the beneficiary or principal is the concern of state law, not the federal securities laws.").  The Indiana Supreme Court has repeatedly looked to the Restatement of Agency as an authority on the common law of agency in Indiana, as has the Indiana Court of Appeals.  *See, e.g., Barnett v. Clark*, 889 N.E.2d 281 (Ind. 2008); *Moberly v. Day*, 757 N.E.2d 1007 (Ind. 2001); *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450 (Ind. 2000); *Menard, Inc. v. Dage-MTI, Inc.*, 726 N.E.2d 1206 (Ind. 2000); *Oil Supply Co., Inc. v. Hires Parts Service, Inc.*, 726 N.E.2d 246 (Ind. 2000); *Sword v. NKC Hospitals, Inc.*, 714 N.E.2d 142 (Ind. 1999); *Koval v. Simon Telelect, Inc.*, 693 N.E.2d 1299 (Ind. 1998); *Mortgage Consultants, Inc. v. Mahaney*, 655 N.E.2d 493 (Ind. 1995); *SJS Refractory Co., LLC v. Empire Refractory Sales, Inc.*, 952 N.E.2d 758 (Ind.Ct.App. 2011) (invoking Restatement (Third) of Agency).

action for determination of the "existence" and "breach" of a fiduciary duty.  Notice at ¶ 16

(citing to Indiana case law).[4]

### B.        No "actual and substantial" dispute as to federal law exists.

PRF's complaint does not present any "stated federal issue, *actually disputed and*

*substantial*," which would warrant the exercise of federal jurisdiction.  *Grable & Sons v. Darue*

*Eng. & Mfr.*, 545 U.S. 308 (2005) (emphasis supplied).   The Notice of Removal does not cite

any disputed federal issue.  *See Berg v. Leason*, 32 F.3d 422 (9th Cir. 1994) (ordering remand in

state law action for malicious prosecution based on alleged violations of federal law, noting,

"[t]he cause of action for malicious prosecution is of course a creature of state law.  State law

controls the other elements which must be proved … Neither the factual part of the probable

cause element, nor the separate question of malice, turns at all on federal law.").

The Notice attempts two tacts to manufacture a stated, disputed, substantial federal

question.  First, the Notice contends that there is a federal question in another case that Morrison

filed in federal court against PRF, and that the two cases therefore share federal question

jurisdiction.  Second, the Notice invokes the Patent Office's professional responsibility

regulations.

### 1.        *CoMentis v. PRF* is immaterial to ascertainment of Section 1338(a) jurisdiction in this case.

Morrison asserts that the pendency of another case, *CoMentis v. PRF*, is a jurisdictional

fact bearing on the existence of Section 1338(a) jurisdiction in this case.  Specifically, Morrison

contends that both cases require the court to determine patent inventorship.  Morrison's resort to

---

[4] A lawyer who acts on behalf of another person undertakes fiduciary duties to that person,
including a duty of confidentiality.  *Sanders v. Townsend*, 582 N.E.2d 355, 358 (Ind. 1991).  *See*
Restatement (Third) of the Law Governing Lawyers, § 49.

a different case in search of jurisdictional facts only spotlights Morrison's inability to find those

facts in PRF's complaint in this case.  Morrison's argument fails at multiple levels.

On the face of PRF's complaint in this case, there is no mention of inventorship, and no

request for any adjudication of inventorship.  Rather, PRF's complaint seeks relief with respect

to Morrison's assertion in a filed patent application showing PRF as a "co-applicant."

Morrison seems to forget that it has not alleged any federal question jurisdiction in

*CoMentis v. PRF*.  Morrison's Third Amended Complaint on behalf of the plaintiff in *CoMentis*

*v. PRF* (attached as Exhibit B to the Notice of Removal) does not invoke Section 1338(a)

jurisdiction.  Surely if Morrison believed that *CoMentis v. PRF* presents a justiciable federal

patent question, Morrison would have pled Section 1338(a) jurisdiction.  Morrison has filed four

complaints in that case, yet has never turned up a federal question.  The notion that *CoMentis v.*

*PRF* shares a common federal question with *PRF v. Morrison & Foerster* fails by the evidence

of Morrison's own pen.

In any event, Morrison cites no authority for the proposition that a federal question in one

case sheds light on whether a federal question pends in another case.  Since Morrison has the

burden of establishing removal jurisdiction as a matter of law, the absence of caselaw authority is

fatal to that argument.

At times in its discussion of inventorship, Morrison seems to be alluding to collateral

estoppel principles, not jurisdictional principles.  Any notion of collateral estoppel effect from

another case can only make Section 1338(a) jurisdiction less likely.  Collateral estoppel is a

doctrine of claim preclusion, not claim expansion.

If Morrison is suggesting that the outcome of *CoMentis v. PRF* may supply Morrison

with a defense in *PRF v. Morrison & Foerster*, that angle also fails.  *Merrell Dow*

*Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808-810 (1986) ("A defense that raises a

federal question is inadequate to invoke federal question jurisdiction … Jurisdiction may not be

sustained on a theory that the plaintiff has not advanced."); *Smart v. Local 702 Intern. Broth. of*

*Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009) ("a court must determine the presence or

absence of a federal question by examining only the plaintiff's well-pleaded complaint … a

federal defense to a state cause of action typically will not suffice.").

**2.      The Patent Office's professional responsibility rules do not
present any actual and disputed federal question.**

Morrison contends that the Patent Office's professional responsibility rules control the

question whether Morrison should be enjoined from prosecuting a patent application that PRF

never authorized.  Notice at ¶ 18 (citing 37 C.F.R. §§ 10.1-10.112 and 37 C.F.R. §§ 11.1-11.61).[5]

Yet Morrison fails to identify any dispute between the parties regarding any of those rules.

PRF's complaint does not seek relief under those rules.

Whether those rules supply Morrison with a defense to PRF's complaint is immaterial to

the present remand analysis.  As noted above, defense assertions are immaterial to determining

removability.

Whether Morrison has duties to PRF under the Patent Office rules is at most incidental to

the question whether Morrison has a duty under state law to refrain from actions not authorized

by the person it purports to represent.  *Hill v. Marston*, 13 F.3d 1548, 1549 (11th Cir. 1994)

("Plaintiff's right depends almost solely on analysis of state laws regarding negligence, breach of

contract and sale of securities … The fact that part of the state statutory scheme requires some

---

[5]  For example, these rules set forth the canons of ethics, and address such topics as advertising
(37 C.F.R. § 10.32), firm names and letterheads (37 C.F.R. § 10.35), and forming a partnership
with a non-practitioner (37 C.F.R. § 10.49).  37 C.F.R. §11.1 *et seq.* deals in large part with
disciplinary sanctions for violations of the rules of conduct.

7

analysis of federal law … is insufficient to invoke federal jurisdiction … violation of a federal standard as an element of a state tort recovery does not fundamentally change the state tort nature of the action.").

Since PRF is not seeking any relief under the Patent Office's professional responsibility rules, Morrison's citation to *Carter v. ALK Holdings, Inc*., 605 F.3d 1319 (Fed. Cir. 2010) misses the mark.  In *Carter,* the plaintiff alleged direct violations of specific federal codes.  In contrast, PRF's complaint does not allege any violation of federal law.

In *Carter*, the plaintiff's complaint explicitly alleged a "violation of 35 U.S.C. *et seq*., 37 CFR *et seq*., and the Manual of Patent Examination Procedure (MPEP)."  *Carter*, 605 F.3d at 1322.  The district court dismissed plaintiff's federal claims for failure to state a claim, then found *sua sponte* that three of the federal claims were frivolous*.  Id.*  The Federal Circuit was required to determine whether the plaintiff's claims were frivolous federal claims.  *Id*. at 1323.  The court noted that "federal law is a necessary element of Count VIII.  Count VIII alleged that the patent prosecuting attorney … breached his fiduciary duties under the patent laws and regulations, including the CFR and the MPEP, by representing two inventors with conflicting interests."  *Id*. at 1324.  The court then noted that 37 C.F.R. § 10.66 specifically addressed a practitioner's ability to represent parties with conflicting interests.  Accordingly, the court held, "the determination of … compliance with the MPEP and the CFR is a necessary element of Carter's malpractice cause of action because the CFR and the MPEP establish [the attorney's] expected fiduciary duties to his clients.  Count VIII thus involves a substantial question of federal patent law."  *Id*. at 1325.  *Carter* does not hold that all cases involving legal representation by a patent lawyer automatically fall under the jurisdiction of the federal courts.

The Federal Circuit has considered the question whether issues of legal representation present a federal question where the representation happens to involve the practice of patent law, and has answered that question in the negative. *Kroll v. Finnerty*, 242 F.3d 1359 (Fed. Cir. 2001) ("Kroll's alleged mistreatment of Elias involved only communications, or the lack thereof, between the lawyer and the client. The alleged misconduct in this case is not entitled to any special consideration just because a patent is involved… Kroll's alleged misconduct involved reported ethical lapses having nothing to do with substantive patent law … we cannot agree that Kroll's preemption argument poses a 'substantial question of federal patent law.'").

Federal question jurisdiction does not attach to a case solely because it involves a patent. Federal question jurisdiction does not attach to a principal-agent dispute solely because the purported agent is doing business with a federal agency. The federal courts have long rejected the argument that a federal standard implicated in a state law cause of action is sufficient to support federal question jurisdiction.[6] The mere presence of an ancillary federal law issue does not operate to convert a claim into a federal question.[7]

---

[6] *See, e.g., Moore v. Chesapeake v. Ohio Ry. Co*., 291 U.S. 205 (1934) (holding that violation of a federal standard as an element of a state tort recovery does not fundamentally change the state tort nature of the action into a federal cause); *Hill v. Marston*, 13 F.3d 1548, 1549 (11th Cir. 1994) ("Plaintiffs' inclusion as elements of their state law claims defendant's knowledge of federal securities law and his failure to comply with certain aspects of that law does not automatically transform what are in all other respects state law claims into federal claims."); *Vivas v. Boeing Co.,* 486 F. Supp. 2d 726 (N.D. Ill. 2007) (ordering remand, noting "although federal law shapes the standard of care, there is no known actual and substantial dispute about the interpretation of federal law that will control the outcome of this case.").

[7] *See, e.g., Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"); *Gully v. First National Bank*, 299 U.S. 109, 115 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit"); *Diaz v. Sheppard*, 85 F.3d 1502 (11th Cir. 1996) (rejecting argument that state law claim for attorney malpractice which involved underlying federal litigation would confer federal question jurisdiction because no analysis of federal law was required); *Berg v. Leason*, 32 F.3d 422 (9th

9

Morrison fails to show that any substantive analysis of federal law is required for a court to determine whether Morrison can file and prosecute a patent application on behalf of PRF, without ever obtaining authority from PRF to do so.  Morrison has failed in its burden to demonstrate that this case arises under federal patent law, or that patent law is a necessary element of PRF's claim.

**II.      PRF should be awarded its attorney's fees incurred as a result of the removal.**

Pursuant to 28 U.S.C. § 1447(c), PRF requests an order that Morrison pay PRF's attorney's fees incurred as a result of Morrison's improper removal.

Section 1447(c) authorizes that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Litigants have a duty to the court not to assert the existence of subject matter jurisdiction in the absence of a thoroughly developed basis to do so.  *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money …"). "Because § 1447(c) is a fee-shifting statute, the plaintiffs as prevailing parties are presumptively entitled to recover the attorneys' fees incurred in defending their award. … Unjustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system

Cir. 1994) (ordering remand in state law action for malicious prosecution based on alleged violations of federal law, noting, "[s]tate law controls the other elements which must be proved … Neither the factual part of the probable cause element, nor the separate question of malice, turns at all on federal law."); *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726 (N.D. Ill. 2007) ("State courts award damages every day in air crash cases, notwithstanding that federal law preempts the regulation of safety in air travel.").

the loser must expect to cover the incremental costs." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (internal citations omitted).

Counsel for PRF set forth the foregoing remand grounds in a letter to Morrison's counsel dated November 23, 2011 (Exhibit A), requesting that Morrison stipulate to remand of the case to the Tippecanoe Circuit Court.  Morrison refused.  (Exhibit B).  Because "removal was unjustified under settled law," *Garbie, supra*, PRF requests that this Court order the payment of PRF's reasonable attorney's fees incurred as a result of this improper removal.

WHEREFORE, the Plaintiff, Purdue Research Foundation, prays that this Court remand this proceeding to Tippecanoe Circuit Court and award PRF its attorney's fees and costs for this remand motion pursuant to 28 U.S.C. § 1447(c) upon submission of an affidavit of fees and costs.

/s/ William P. Kealey
William P. Kealey
Attorney No.  18973-79
STUART & BRANIGIN
The Life Building
300 Main Street, Suite 800
P.O. Box 1010
Lafayette, Indiana  47902-1010
Telephone:  (765) 428-7077

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of December, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

Andrew W. Hull, Esq.
Hoover Hull LLP
<u>awhull@hooverhull.com</u>

Michael A Dorelli, Esq.
Hoover Hull LLP
mdorelli@hooverhull.com, rmiller@hooverhull.com

/s/ William P. Kealey
William P. Kealey

598292.1