

William P. Kealey
Direct (765) 428-7077
E-mail wpk@stuartlaw.com

## STUART & BRANIGIN LLP
### LAWYERS

www.stuartlaw.com

November 23, 2011

*Via Email and U.S. Mail*
Andrew W. Hull, Esq.
Hoover Hull LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989

Re: **PRF v. Morrison & Foerster LLP**

Dear Andy:

I have received Morrison & Foerster's Notice of Removal of *PRF v. Morrison & Foerster* to the Northern District of Indiana. The removal is improper. This letter is a request that Morrison & Foerster (MF) stipulate to remand to the Tippecanoe Circuit Court. Absent a stipulation to remand, PRF's motion for remand will include a request for an award of attorney fees under the remand rule.[1]

### I.

The Seventh Circuit has instructed that courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir.1982). The burden of establishing federal jurisdiction falls on the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). *See Doe v.*

---

[1] Counsel has a duty to the court not to assert the existence of subject matter jurisdiction in the absence of a thoroughly developed basis to do so. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693–94 (7th Cir.2003). "Because § 1447(c) is a fee-shifting statute, the plaintiffs as prevailing parties are presumptively entitled to recover the attorneys' fees incurred in defending their award. *Commissioner of INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). It works much like the provisions in the Rules of Civil Procedure requiring the party that unsuccessfully opposes a discovery request to pay the other side's legal expenses. *Rickels v. South Bend*, 33 F.3d 785 (7th Cir.1994), holds that Fed.R.Civ.P. 37(a)(4) is a fee-shifting rule, and that the victor therefore is entitled to recover fees on appeal. ... Unjustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs. *Wisconsin v. Glick*, 782 F.2d 670 (7th Cir.1986). Cf. *Continental Can Co. v. Chicago Truck Drivers Pension Fund*, 921 F.2d 126 (7th Cir.1990)." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000).

**Exhibit A**

Reply to Lafayette Office

300 Main Street • Suite 900 • P.O. Box 1010 • Lafayette, Indiana 47902 • (765) 423-1561 • Fax (765) 742-8175
8888 Keystone Crossing • Suite 640 • Indianapolis, Indiana 46240 • (317) 574-7245 • Fax (317) 574-7050



Andrew W. Hull, Esq.
November 23, 2011
Page 2

*Allied-Signal, Inc.*, 985 F.2d 908 (7th Cir. 1993). Any doubt regarding jurisdiction should be resolved in favor of the absence of federal jurisdiction. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

The usual test of whether an action arises under federal law for purposes of federal question jurisdiction is the "well-pleaded complaint" rule. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). "[T]he paramount policies embodied in the well-pleaded complaint rule ... [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398-99, 107 S.Ct. 2425. "Importantly, the well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. As Justice Holmes explained, 'A suit arises under the law that creates the cause of action.' *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). *See also Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir.2007)." *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4*, 644 F.Supp.2d 1084, 1087 (S.D. Ill. 2009). One measure of the limited scope of the removal power is the well-established doctrine that a case may not be heard in district court when the only federal question posed is raised by a defense argument. *Caterpillar*, 482 U.S. at 393.

"The Supreme Court has instructed that a district court's jurisdiction under § 1338(a) 'extend[s] only to those cases in which a **well-pleaded complaint establishes** either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.' *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)." *Carter v. ALK Holdings, Inc.*, (605 F.3d 1319, 1323-24 (Fed. Cir. 2010) (emph. added).

Thus, under both USSC and 7th Circuit precedent, MF errs in its argument that the existence of Section 1338(a) removal jurisdiction can be ascertained by looking to PRF's counterclaim in *CoMentis v. PRF*. The Notice of Removal cites no authority for the proposition that the jurisdictional facts in one case can give rise to subject matter jurisdiction in another case. In any event, the jurisdictional facts in *CoMentis v. PRF* impeach the assertion of Section 1338(a) jurisdiction. Morrison & Foerster's complaint in *CoMentis v. PRF* (which is attached as Exhibit B to the Notice of Removal) seeks inventorship determinations, yet does not invoke Section 1338(a) jurisdiction. No party in *CoMentis v. PRF* has invoked Section 1338(a) jurisdiction. To the extent that pleadings from that case are probative at all, they directly impeach Morrison & Foerster's assertion of the existence of Section 1338(a) jurisdiction in *PRF v. Morrison & Foerster*.

## II.

Consistent with the requirement to look to the face of the complaint, the Notice of Removal, at ¶ 17, cites PRF's allegation that a fiduciary duty exists based on the undisputed fact that the '273 Application shows PRF as a co-applicant. The complaint makes clear that the dispute centers on the fiduciary's lack of authorization: "PRF has never authorized ..." ¶ 8. The Notice, at ¶ 16,

Andrew W. Hull, Esq.
November 23, 2011
Page 3

acknowledges that PRF has pled a state law cause of action for determination of the "existence" and "breach" of a fiduciary duty.[2] Breach, by actions in the absence of authorization, is a function of the law of principal-agent. The Notice of Removal does not invoke any federal common law of principal-agent relations with respect to authorization. To my reading, none of the statutory or caselaw authorities cited in the Notice of Removal speaks to establishment of a lawyer's authority to file a patent application on behalf of another or disclose confidential information of another. If you contend otherwise, please clarify that authority to me at your first opportunity.

The federal courts have long rejected the argument that a federal standard implicated in a state law cause of action is sufficient to support federal question jurisdiction. *See, e.g., Moore v. Chesapeake v. Ohio Ry. Co.*, 291 U.S. 205 (1934) (holding that violation of a federal standard as an element of a state tort recovery does not fundamentally change the state tort nature of the action into a federal cause); *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726 (N.D. Ill. 2007) (ordering remand, noting "although federal law shapes the standard of care, there is no known actual and substantial dispute about the interpretation of federal law that will control the outcome of this case.").

The mere presence of an ancillary federal law issue does not operate to convert a claim into a federal question. *See, e.g., Gully v. First National Bank*, 299 U.S. 109, 115 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit"); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"); *Diaz v. Sheppard*, 85 F.3d 1502 (11th Cir. 1996) (rejecting argument that state law claim for attorney malpractice which involved underlying federal litigation would confer federal question jurisdiction because no analysis of federal law was required); *Berg v. Leason*, 32 F.3d 422 (9th Cir. 1994) (ordering remand in state law action for malicious prosecution based on alleged violations of federal law, noting, "state law controls the other elements which must be proved ... Neither the factual part of the probable cause element, nor the separate question of malice, turns at all on federal law.").

The Federal Circuit has considered the question whether issues of legal representation present a federal question where the representation happens to involve the practice of patent law, and has answered that question in the negative. *Kroll v. Finnerty*, 242 F.3d 1359 (Fed. Cir. 2001) ("Kroll's alleged mistreatment of Elias involved only communications, or the lack thereof,

---

[2] The representation of persons in the presentation of a patent application is the practice of law when performed by an attorney. ABA Formal Opinion 201 (May 24, 1940); *see also Sperry v. Florida*, 373 U.S. 379, 383 (1963) ("[T]he preparation and prosecution of patent applications for others constitutes the practice of law."). An attorney who files documents on behalf of an entity acts in a representative capacity and practices law on behalf of that entity. *Matter of Contempt of the Supreme Court of Indiana*, 673 N.E.2d 755, 757 (Ind. 1996). ("By filing a petition for the corporation the respondent acted in a representative capacity and engaged in the practice of law."). The attorney-client relationship need not be express; it may be implied from the conduct of the parties. *Hacker v. Holland*, 570 N.E.2d 951, 955 (Ind. Ct. App. 1991). A lawyer who acts on behalf of another person undertakes fiduciary duties to that person, including a duty of confidentiality. *Sanders v. Townsend*, 582 N.E.2d 355, 358 (Ind. 1991). *See* Restatement (Third) of the Law Governing Lawyers, § 49.

Andrew W. Hull, Esq.
November 23, 2011
Page 4

between the lawyer and the client. The alleged misconduct in this case is not entitled to any special consideration just because a patent is involved… Kroll's alleged misconduct involved reported ethical lapses having nothing to do with substantive patent law … we cannot agree that Kroll's preemption argument poses a 'substantial question of federal patent law.'").

Please notify me by the close of business on December 1 whether Morrison & Foerster will stipulate to remand of the *PRF v. Morrison & Foerster* complaint to the Tippecanoe Circuit Court.

Very truly yours,

*WPK..C*

William P. Kealey

598211v1