UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

PURDUE RESEARCH FOUNDATION,   )
   )
     Plaintiff,   )
   )
     v.   )   No. 4:11-CV-0061-JVB-PRC
   )
MORRISON & FOERSTER LLP,   )
   )
     Defendant.   )

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR REMAND**

Comes now the Plaintiff, Purdue Research Foundation ("PRF"), by counsel, and for its Reply in support of its Motion for Remand, states the following:

In its eighteen pages of briefing, Morrison & Foerster ("Morrison") fails to come forth with a plain and cogent statement to explain why this case belongs in federal court. Because any doubt regarding jurisdiction should be resolved in favor of the state, this case should be remanded to the Tippecanoe Circuit Court.

**A.**     **Morrison's rationale for federal question jurisdiction keeps changing.**

Morrison originally pointed to "Related Litigation" in federal court as a jurisdictional fact bearing on the existence of Section 1338(a) jurisdiction in this case. As PRF noted in its Motion for Remand, no federal question jurisdiction was alleged or invoked by Morrison as counsel in *CoMentis v. PRF*. Morrison implicitly acknowledges this fact in a footnote to its Response. (DE 19 at 5 n.6). In its January 13, 2012 brief, Morrison has backed away from the Related Litigation as a basis for federal jurisdiction. Morrison's original stated basis for removal is no longer its stated basis for removal.

Morrison previously relied upon the Patent Office's professional responsibility rules as a stated basis for removal. That contention is gone too. The professional responsibility rules were a cornerstone of Morrison's Notice of Removal, allegedly providing the sole source and scope of Morrison's duty.[1]  Morrison's January 13, 2012 brief directly abandons that argument and concedes that Morrison "does not argue that this case truly involves 'issues of legal representation.'"  (DE 19 at 10).

In place of those abandoned arguments, Morrison presents new ones. But the rules confine Morrison to the removal grounds stated in its Notice. A defendant may freely amend a notice of removal within the 30-day time period for seeking removal provided in 28 U.S.C. § 1446(b). After the end of the period, any amendments to the removal notice must be made in accordance with 28 U.S.C. §1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Courts interpreting § 1653 in the context of removal have distinguished between an imperfect or defective allegation as to

---

[1] See Notice of Removal, DE 3 at 6 ("The Code of Federal Regulations is the source of Morrison & Foerster's duties, if any, owed to PRF in connection with actions taken before the USPTO. *See, e.g.,* 37 CFR §§ 10.1-10.112 ("Representation of Others Before the Patent and Trademark Office"), 37 C.F.R. §§ 11.1-11.61 ("Representation of Others before the United States Patent and Trademark Office") … Therefore the **source** of any duty allegedly owed by Morrison & Foerster to PRF is determined solely by analyzing the CFR"); and DE 3 at 7 ("The scope of any duty allegedly owed by Morrison & Foerster is found under the USPTO standards") (citing the same provisions as above) (emphasis in original); and DE 3 at 2, 6 (citing the Manual of Patent Examining Procedure Chapter 400).  In sum, Morrison presented three separate supposed bases for removal in its Notice of Removal, none of which are mentioned in its Response Brief:  The argument that the source of any duty owed by Morrison in connection with actions taken before the United States Patent and Trademark Office ("USPTO") is governed by the Professional Responsibility Rules for the USPTO pursuant to 37 C.F.R. §§ 10.1-10.112 and 37 C.F.R. §§ 11.1-11.61 (DE 3 at 2, 6); the argument that the scope of any duty owed by Morrison to PRF and the USPTO when filing a patent application is governed by federal regulations at 37 C.F.R. §§ 10.1-10.112 and 37 C.F.R. §§ 10.56 and 10.57 (DE 3 at 2, 7), and the argument that Morrison owed duties not only to the inventor, but also to the USPTO, and that PRF's complaint would interfere with its practice before the USPTO.  (DE 3 at 7-8).

jurisdiction, which can be amended after the expiration of the 30-day period, and a missing allegation of jurisdiction, which cannot be added by amendment.[2]  In other words, once the 30-day window for asserting grounds for removal has passed, a defendant has waived any additional, non-asserted grounds for federal jurisdiction.

Morrison's January 13, 2011 opposition brief alleges two new bases for federal question jurisdiction that were not alleged in Morrison's Notice.  Those bases are:

- Argument that Morrison's duty to PRF is governed by federal patent regulations regarding the naming of inventors on patents at 37 C.F.R. § 1.41(a).  (DE 19 at 9).

- Argument that Morrison's duty to PRF is governed by federal patent law governing the filing of patent applications on behalf of "non-signing" co-inventors pursuant to 35 U.S.C. § 116 and 37 C.F.R. § 1.47(a).  (DE 19 at 11).

PRF urges the Court to decline to take up those untimely assertions.

**B.      This case is grounded in state law duties.**

      **1.      Both sides invoke state law duty sources.**

Morrison refuses to come to grips with the law of principal-agent. The face page of the '273 Application is attached to PRF's complaint and therefore incorporated by reference.  That document shows on its face that Morrison was holding its personnel out as the "Agents" for "Applicants" including "Purdue Research Foundation."

---

[2] *See, e.g., USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 206 n.11 ("USX cites a number of cases disallowing amendments creating an entirely new basis for jurisdiction.")  *See, e.g., Blakeley v. United Cable Sys.,* 105 F. Supp. 2d 574, 579-80 (S.D. Miss. 2000); *Iwag v. Geisel Compania Maritima, S.A.,* 882 F. Supp. 597, 601 (S.D. Tex. 1995); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733, at 358-61 (3d ed. 1998) ("[A]mendment of the removal notice ... may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount.  Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.")"); *Roeder v. ChemRex Inc.,* 863 F. Supp. 817, 822 n.3 (E.D. Wis. 1994) (noting that new basis for removal cannot be added after the expiration of the 30-day period, stating, "[o]nly federal question jurisdiction was alleged by ChemRex as a basis for removal. Diversity jurisdiction was not alleged as a basis for removal, and cannot be proposed as a basis after removal.").

In determining whether a cause of action arises under the patent laws, "a court must review and analyze the plaintiff's pleadings, with special attention directed to the relief requested by the plaintiff." *Bd. of Regents, The Univ. of Texas Sys. v. Nippon Telephone & Telegraph Corp.*, 414 F.3d 1358, 1362 (Fed. Cir. 2005). Among the allegations of the complaint are:

- "The '273 Application employs PRF-owned information from the PRF Patent Applications, which information was a PRF trade secret at the time that Morrison & Foerster filed the '273 Application."

- "PRF has never authorized Morrison & Foerster to possess or use any of the PRF-owned information set forth in the '273 Application and did not authorize Morrison & Foerster to access the PRF Patent Applications or file the '273 Application."

- "By filing the '273 Application purportedly on behalf of PRF as a co-applicant, Morrison & Foerster undertook a fiduciary duty to PRF."

Thus PRF has framed its complaint under the law of principal-agent, including the fiduciary duty of an agent to the principal and related duties of confidentiality. In Footnotes 3 and 4 to PRF's Motion for Remand, PRF cited abundant Seventh Circuit and Indiana authorities for the application of principal-agent (including lawyer-client) rules under state law.

Morrison cites no federal authority speaking to the law of principal-agent. Morrison admits that PRF's right to relief is in the form of "an injunction preventing Morrison & Foerster from prosecuting the '273 Patent Application." (DE 19 at 1). Morrison cites no authority for the proposition that the decision whether to issue an injunction in favor of a principal and against an agent is controlled by federal patent law.

Strangely, Morrison argues that PRF, in moving for remand, must supply law "holding that a lawyer undertakes a fiduciary or any duty to a non-client co-applicant by filing a patent application on behalf of the lawyer's client." (DE 19 at 8-9). Not so. Remand is solely

concerned with jurisdictional analysis, not the merits. Morrison, as the party asserting federal question jurisdiction, has the duty to show that Morrison's agency duties to PRF as principal are determined by federal law.

Morrison tries to distinguish between existence of an agency duty (purportedly controlled by federal patent law) and breach of an agency duty (admitted to be controlled by Indiana state law). (DE at 7). That attempted distinction fails. The lead case cited by Morrison holds that the existence of a fiduciary duty is also determined under Indiana law. *York v. Fredrick*, 947 N.E.2d 969, 979 (Ind. Ct. App. 2011) (discussing Indiana authorities regarding when a fiduciary duty may "exist").

Morrison itself invokes contract law as the basis for defining its principal-agent obligations. Morrison argues that a contract between CoMentis and PRF determines Morrison's duties:

> Section 5.3 of the License Agreement provides that CoMentis has primary responsibility for the prosecution of joint patents, subject to an obligation to "keep PRF informed." Section 5.5 provides for selection of patent prosecution counsel, and clarified that "[c]ounsel will coordinate with all of the co-owners of the Joint Patent for prosecution and maintenance, but [CoMentis] shall be considered the client."

DE 19 at 12 n.12). By citing an alleged contractual source of agency duties, Morrison is impeaching its contention that federal law is the source of those duties.

Because Indiana law speaks directly to agency, Morrison has only one path left to show that the existence of a duty from Morrison to PRF is controlled by federal law. Morrison would have to show that federal law completely preempts state agency law. In order to remove a state law claim to federal court on the basis of federal preemption, the removing party must show that Congress intended to completely pre-empt the state law cause of action pled by the plaintiff. *Lister v. Stark*, 890 F.2d 941, 943-44 (7th Cir. 1989), citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). Morrison stops well short of arguing that federal patent law preempts

state principal-agent and fiduciary duty analysis of a lawyer's actions with respect to the interests of the principal.

### 2. Morrison's procedural contentions do not transform the case into a dispute under patent law.

Whether Morrison employed a federal filing procedure begs the question whether Morrison complied with its state law obligations under the law of principal-agent. The Federal Circuit has squarely rejected the notion that Patent Office procedures turn state law duty analysis into a federal question. In *Uroplasty, Inc. v. Advanced Uroscience, Inc.*, 239 F.3d 1277 (Fed. Cir. 2001), the plaintiff filed suit in Minnesota state court for misappropriation of trade secrets, breach of fiduciary duty, and breach of contract, alleging that UroScience improperly used and divulged trade secrets and confidential information. *Id.* at 1279. UroScience removed the case to the district court, claiming federal patent jurisdiction. The district court granted summary judgment finding no trade secret misappropriation, and the plaintiff appealed. *Id.*

In finding no federal patent jurisdiction was present, the court held:

> **The only mention of a patent in Uroplasty's well-pleaded complaint are the allegations that Lawin used and divulged Uroplasty's trade secrets and confidential information by acts that included the preparation and filing of the application for the '406 patent** and his involvement in the testing of urological bulking agents described in the patent. **The '406 patent may be evidence in support of Uroplasty's allegations, but the mere presence of the patent does not create a substantial issue of patent law.** Uroplasty's claims for trade secret misappropriation require it to show that Lawin disclosed or used its trade secrets or confidential information, a burden that can be met without requiring the resolution of a substantial issue of patent law. Because proving the same alleged acts also could support the breach of contract and fiduciary duty claims without resolving a substantial patent issue, patent law is not essential to any of the claims of the well-pleaded complaint.

*Id.* at 1279-1280 (internal citations omitted) (emphasis supplied).

**C.      Morrison's inventorship arguments supply no basis for removal jurisdiction.**

Morrison argues: "PRF's allegations regarding both the existence of a legal duty and ownership of confidential information contained within the '273 Application raise federal 'inventorship' issues that this Court necessarily must resolve."  (DE 19 at 1).

Morrison later restates this assertion as: "[T]his matter is an attempt by PRF to enjoin or otherwise interfere with an inventor's attempt to prosecute a patent application – i.e., PRF is attempting an end-run around the Related Litigation by seeking a state court order enjoining CoMentis's attorneys from prosecuting the '273 Application on CoMentis's behalf."  (DE 19 at 5).

These arguments fail under the law, and they fail under Morrison's own characterizations.

**1.      Morrison ultimately relies upon contract interpretation relating to patent "co-owners."**

Morrison contends that Dr. Ghosh is an inventor.  (DE 19 at 11 n.11) (describing Dr. Ghosh as "Inventor").   But Morrison contends that its duties to PRF hinge on contractual provisions relating to patent ownership, not inventorship.

The '273 Application shows CoMentis as an "Applicant," not an "Inventor."  Morrison admits that PRF's allegation in this case is about its obligations to the assignees, not the inventors: "PRF was identified as a co-applicant by virtue of its purported assignment of Dr. Ghosh's interest."  (DE 19 at 2).  Morrison contends that it filed the '273 Application as the agent of a **non-inventor**, **CoMentis**:

- "PRF's 'authorization' was not required for Morrison & Foerster to file the '273 Application on behalf of CoMentis."  (DE 19 at 2).

- "PRF cannot enjoin Morrison & Foerster from representing its client, CoMentis, in its prosecution of the '273 Application . . .." (DE 19 at 11).

- "Morrison & Foerster filed the '273 Application 'on behalf of' CoMentis." (DE 19 at 15 n.14).

Thus, Morrison invokes contractual duties, not any duties to the Patent Office.

Morrison contends that its duties as agent of record for the '273 Application arise under *a contract* between CoMentis and PRF.  (DE 19 at 12 n.12) ("Section 5.3 of the License Agreement provides that CoMentis has primary responsibility for the prosecution of joint patents, subject to an obligation to 'keep PRF informed.'  Section 5.5 provides for selection of patent prosecution counsel, and clarified that '[c]ounsel will coordinate with all of the co-owners of the Joint Patent for prosecution and maintenance, but [CoMentis] shall be considered the client.'").

In turn, Morrison characterizes CoMentis and PRF as co-owners of the '273 Application. Morrison contends that the '273 Application is a "Joint Patent" under a contract between CoMentis and PRF, and that as "counsel," Morrison's job is to "coordinate with all of the **co-owners** of the Joints Patents for prosecution and maintenance." (DE 19 at 12 n.12) (emphasis added).  Thus Morrison directly characterizes PRF as a co-owner of the '273 Application.

Ownership of the '273 Application is controlled by state law, not federal law.  *Envosys LLC v. Nextel Communications, Inc.*, 614 F.3d 1333, 1342 (Fed. Cir. 2010) ("Who has legal title to a patent is a question of state law").  Since Morrison contends that its duties arise under a contract between "Applicants" CoMentis and PRF, Morrison has punted away the premise of its entire analysis regarding federal inventorship rules.  According to Morrison, a contract between "co-owners" controls the principal-agent duty between Morrison and the "Applicants" shown on the face of the '273 Application.

**2.      This Court has no subject matter jurisdiction to determine inventorship of the '273 Application.**

Morrison further asserts that federal question jurisdiction exists both in the Related Litigation and in this case for determination of inventorship.  Morrison is incorrect.  This Court has no federal question jurisdiction to consider who is the inventor on the '273 Application.  35 U.S.C. § 256; *HIF Bio, Inc. v. Yung Shin Pharmaceuticals Indus. Co., Ltd.*, 600 F.3d 1347, 1354 (Fed. Cir. 2010).  *See, e.g., Board of Educ. ex rel. Bd. of Trustees of Florida State University v. American Bioscience, Inc.*, 333 F.3d 1330, 1337 (Fed. Cir. 2003).  *See* DE 132, 133 in *CoMentis v. PRF*.

**3.      Section 116 is immaterial to ascertaining removal jurisdiction.**

CoMentis cites Section 116 of the Patent Act as a procedure by which other "Inventors" listed on the '273 Application can prosecute it without permission from Dr. Ghosh, who is also listed as an Inventor.  Morrison never finishes the thought.  Section 116 only refers to inventors. It makes no reference to "agents" (such as Morrison) or "applicants" (such as CoMentis and PRF).   Since none of the inventors listed on the '273 Application are parties to this case, and since section 116 makes no reference to agents or applicants, section 116 does not speak to the principal-agent obligations at issue in PRF's complaint in this case.

**4.      The Federal Circuit has rejected Morrison's reasoning.**

The Federal Circuit has rejected the argument that a defendant can transform a state law claim relating to a patent into a federal question by injecting an inventorship allegation.  In *Bd. of Regents, The Univ. of Texas Sys. v. Nippon Telephone and Telegraph Corp.,* 414 F.3d 1358 (Fed. Cir. 2005), the Federal Circuit held that the district court lacked patent question jurisdiction over a complaint asserting state law breach claims.  In *Nippon,* a Nippon Telephone and Telegraph ("NTT") employee was given permission to work for one year as a visiting scientist at UT.  *Id.* at

9

1360. According to the terms of the agreement between NTT and UT, all information, research, and inventions were to be the exclusive property of UT. *Id.* When the NTT scientist later applied for Japanese patent protection based on research the NTT scientist was exposed to while at UT, UT filed a complaint in Texas state court, asserting state law claims for breach of confidential relationship, conversion, breach of contract, statutory and common law misappropriation of trade secrets, breach of fiduciary duty, tortious interference, unfair competition and civil conspiracy. *Id.* Among other remedies, UT sought a permanent injunction ordering NTT from using or disseminating proprietary information. *Id.* at 1361.

NTT filed a notice to remove the case to federal court, asserting federal question and federal patent law jurisdiction. *Id.* UT filed a motion to remand the case to state court, but the district court denied the motion to remand on the grounds that it had jurisdiction under 28 USC § 1338(a).

NTT asserted that UT's claims raised issues related to the inventorship, validity, enforceability, and interpretation of a patent. Id. at 1363. The Federal Circuit rejected NTT's argument, stating: "a determination of the true inventor … may give rise to future claims regarding the validity of the '382 patent, but the presence of a possible question of inventorship does not convert the state law action into one arising under the patent laws." *Id.* at 1363-1364. Accordingly, the Federal Circuit held that the district court erred in holding that it had jurisdiction to hear the case pursuant to 28 USC § 1338(a). *See also, AT&T v. Integrated Network Corp.*, 972 F.2d 1321 (Fed. Cir. 1992) (holding that claims of misappropriation of proprietary information, breach of fiduciary duty, and breach of contract did not present a substantial question of patent law where a company sued its former employees and their new company after those employees allegedly divulged proprietary information that was later included in a patent).

**D.     Morrison should reimburse PRF's attorney's fees and costs for this remand motion.**

Morrison contends that remand should not result in an attorney fee award to PRF. Morrison contends that no "clearly established law" demonstrates that Morrison had no basis for removal.  (DE 19 at 17).

As every lawyer knows, it is "clearly established" that the common law of principal-agent is state law.  Morrison's removal petition quotes that clearly established state law – see Opposition p. 7 – and then flouts it.  Morrison fails to cite a single case in which a court has found federal question jurisdiction on the basis that federal law preempts state law principal-agent duties.

Morrison – the party with the high burden to establish federal question jurisdiction – also failed to disclose Federal Circuit authorities that speak directly to Morrison's reasoning, and reject it.

Morrison has failed to invoke any on-point authority.  Morrison has failed to identify any good-faith basis for extension of existing law.  Morrison has danced from theory to theory in the hope of finding a viable one.  But the presumptions against removability clearly require more of Morrison.  Since Morrison has fallen far short, an award of attorney's fees and costs to PRF is merited.

WHEREFORE, the Plaintiff, Purdue Research Foundation, prays that this Court remand this proceeding to the Tippecanoe Circuit Court, and award PRF its attorneys' fees and costs for this remand motion pursuant to 28 U.S.C. § 1447(c), upon submission of an affidavit of fees and costs.

/s/ William P. Kealey
William P. Kealey
Attorney No.  18973-79
STUART & BRANIGIN
The Life Building
300 Main Street, Suite 800
P.O. Box 1010
Lafayette, Indiana  47902-1010
Telephone:  (765) 428-7077

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January 2012, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

Andrew W. Hull, Esq.
Hoover Hull LLP
awhull@hooverhull.com

Michael A Dorelli, Esq.
Hoover Hull LLP
mdorelli@hooverhull.com, rmiller@hooverhull.com

/s/ William P. Kealey
William P. Kealey

602367.1